UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE BARFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  4:12CV2116 TIA |
| | ) |
| ASCENSION HEALTH LONG-TERM | ) |
| DISABILITY PLAN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Stay (Doc. No. 32) pending review of Plaintiff's claim for long-term disability benefits by Sedgwick, the third party claims administrator of the Long-Term Disability Plan ("Plan").  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On November 13, 2013, Plaintiff filed a Complaint against Defendant Ascension Health Long-Term Disability Plan ("Plan") under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.  After Defendant filed the Administrative Record under seal and the Court entered its Case Management Order and an Amended Case Management Order, Defendant filed a Motion to Stay the proceedings, indicating that Sedgwick, the Plan administrator, inadvertently omitted documents submitted on a CD from its review of Plaintiff's long-term disability claim.  In addition, Defendant informed the Court that the Plan remanded the claim to Sedgwick to allow Sedgwick to reopen Plaintiff's appeal and consider her claim in light of the entire Administrative Record.  The filing of this motion set off a flurry of motions, including Plaintiff's Motion to Complete Administrative Record by Filing ERISA Appeal Documentation Omitted by Defendant from the Previously Filed Administrative Record, Plaintiff's Cross-Motion for Summary

Judgment and Cross-Motion for Attorney's Fees and Costs, and Defendant's Motion for Extension of Time to Respond to the Motions for Summary Judgment and Attorney's Fees.  Further, Plaintiff filed an Objection to the Plan's Unilateral Remand, to which the Defendant filed a Response pursuant to Court Order.

The Court has thoroughly reviewed the motions, as well as the responses and replies thereto.  After consideration of the pleadings, the undersigned finds that a stay pending review by Sedgwick is appropriate.  In this case, Sedgwick omitted documents on the CD from its appeal review.  These documents included a declaration from Plaintiff, with supporting exhibits, and a letter from Dr. Davis, Plaintiff's treating physician.  Plaintiff argues that the Plan may not remand Plaintiff's claim to admit new evidence or to "sandbag" Plaintiff by after-the-fact plan interpretations.  However, the Court notes that the evidence is not new evidence but simply evidence inadvertently overlooked by Sedgwick.  Further, the Plan merely seeks to ensure that Sedgwick considers the entire administrative record.  Nothing in Defendant's request for a stay or response to Plaintiff's objection to remand indicates an attempt by the Plan to justify the denial of benefits by a different interpretation.  The Eighth Circuit Court of Appeals has noted that "the statute affords the courts a range of remedial powers under ERISA, 29 U.S.C. § 1132(a), and returning the case to a plan administrator for further consideration is often appropriate."  King v. Hartford Life and Accident Ins. Co., 414 F.3d 994, 1005 (8th Cir. 2005) (citations omitted).  The Court finds that such remand is appropriate in this case, where Plaintiff is asking the Court to conduct *de novo* review of documents mistakenly omitted from review of Plaintiff's claim for long-term disability benefits.  Id. at 1005-06.  Thus, the Court will remand the case to the case to the plan administrator to consider the documents contained on the CD and stay the proceedings pending the completion of Sedgwick's review.  Defendant has indicated that

Sedgwick should complete its review by Friday, July 12, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's claim for Long-Term Disability Benefits is **REMANDED** to the Plan administrator for review of Plaintiff's appeal, including the documents inadvertently overlooked in the administrative record.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay pending review of Plaintiff's claim (Doc. No. 32) is **GRANTED** to and including the completion of Sedgwick's review.

**IT IS FINALLY ORDERED** that the parties shall submit a joint status report not later than one week after the completion of Sedgwick's review.

                                            /s/ Terry I. Adelman
                                  UNITED STATES MAGISTRATE JUDGE

Dated this   8th   day of July, 2013.