UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE BARFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 4:12-CV-02116 JAR |
| | ) | |
| ASCENSION HEALTH LONG-TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This action under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., is before the Court on the motion of Plaintiff Christine Barfield for entry of judgment and to recover attorney's fees, costs, and pre-judgment interest on her claim for long-term disability benefits (LTD) under the Defendant, Ascension Health Long-Term Disability Plan ("Plan").[1] (Doc. No. 65) The motion is fully briefed and ready for disposition.

**Background**

On February 2, 2011, Defendant, acting through Sedgwick, the administrator of its LTD plan (hereinafter, the "Plan Administrator"), approved Plaintiff's claim for "regular occupation" LTD benefits due to a diagnosis of severe colitis. Upon further review, the Plan Administrator terminated those benefits, effective December 1, 2011. Plaintiff appealed the termination; the Plan Administrator denied the appeal; and Plaintiff filed this suit on November 13, 2012. In her complaint, Plaintiff asserted a single claim alleging that Defendant denied her LTD benefits in violation of ERISA and the terms of the Plan and seeking recovery of her benefits, attorney's fees, interest, and costs. (Doc. No. 1 at 7-9) Defendant then filed the administrative record under seal,

---

[1] This case was randomly reassigned to the undersigned from Magistrate Judge John M. Bodenhausen on May 18, 2015. (Doc. No. 79)

1

and the Court entered case management and amended case management orders. Thereafter, Defendant filed a motion to stay the proceedings explaining that the Plan Administrator had, in the course of its review of Plaintiff's claim, inadvertently failed to consider certain documents that had been submitted in CD format. (Doc. No. 32 at ¶¶ 8-11) In the motion, Defendant stated it had remanded Plaintiff's claim to the Plan Administrator and asked the Court to enter an order staying the lawsuit pending the Plan Administrator's consideration of the overlooked materials. (Id. at ¶¶ 11-12)

The request for a stay triggered the filing of numerous motions, including Plaintiff's "Objection to the Plan's Unilateral Remand." (Doc. No. 47) At the Court's request, Defendant filed a response to this motion (Doc. No. 54), and after consideration of these filings, the Court entered an order staying the case and remanding the matter to the Plan Administrator for review of the entire record including the overlooked materials. (Doc. No. 58 at 2) The Court rejected Plaintiff's opposition to remand and in reliance on the Eighth Circuit's ruling in King v. Hartford Life and Accident Ins. Co., 414 F3d 994, 1005 (8th Cir. 2005), noted that requiring the Plan Administrator to consider the overlooked materials was an appropriate exercise of the Court's remedial powers under ERISA, 29 U.S.C. § 1132 (a). In addition, the Court retained jurisdiction over the case. (Id. at 2-3)

On remand, the Plan Administrator conducted a second review, considered the overlooked materials, and on July 29, 2013, informed Plaintiff's counsel that it had decided to reinstate Plaintiff's LTD benefits through December 7, 2012, the date on which Plaintiff would have exhausted twenty-four months of the "regular occupation" LTD benefits available under the Plan. (Doc. No. 59 at 1) On August 5, 2013, Defendant sent Plaintiff a check for all LTD benefits due

her through December 7, 2012, with a set-off, as allowed under the Plan, for Social Security disability benefits.

On August 8, 2013, the Plan Administrator notified Plaintiff's counsel that it would begin reviewing Plaintiff's eligibility to receive, for the period following December 7, 2012, the "ongoing" LTD benefits,[2] also available under the Plan. The Plan Administrator offered Plaintiff the opportunity to submit, on or before September 16, 2013, additional materials in support of her claim. (Id. at 2) To qualify for "ongoing" LTD benefits, Plaintiff was required to satisfy a different, more rigorous standard than that applicable to the initial term of "regular occupation" benefits. Thereafter, Defendant agreed to pay Plaintiff the attorney's fees she had incurred prior to September 17, 2013.

Thereafter, the Plan Administrator denied Plaintiff's claim for "ongoing" LTD benefits. Assisted by counsel, Plaintiff appealed this denial, and on August 25, 2014, the Plan Administrator informed Plaintiff's counsel that Plaintiff's claim for "ongoing" LTD benefits would be granted for the period commencing December 8, 2012, and ending January 31, 2015, at which time the Plan Administrator would again evaluate Plaintiff's entitlement to "ongoing" LTD benefits. (See Doc. No. 61 at ¶ 5)

**Applicable Law**

The ERISA statutory scheme includes a discretionary fee-shifting provision which states that "[i]n *any action* under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1) (emphasis added). See Pendleton v. QuikTrip Corp., 567 F.3d 988, 994, 995-96 (8th Cir.2009) (citing 29 U.S.C. § 1132(g)). Generally, this fee-shifting provision has been

---

[2] Under the Plan, eligibility for "ongoing" LTD benefits is subject to a different standard than eligibility for the twenty-four months of "regular occupation" benefits.

interpreted to exclude the recovery of fees and costs incurred during administrative proceedings. See Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1010-11 (8th Cir. 2004). There is, however, no "*per se* rule" barring an award of attorney's fees "whenever a district court decides to remand a claim to the plan administrator." Rote v. Titan Tire Corp., 611 F.3d 960, 965-66 (8th Cir. 2010) (quoting Graham v. Hartford Life & Accident Ins. Co., 501 F.3d 1153, 1163 (10th Cir. 2007). Instead, under Eighth Circuit law, attorney's fees and costs may be awarded for work performed on remand "[w]here the administrative proceedings are ordered by the district court and where that court retains jurisdiction over the action during the pendency of the administrative proceedings." Id. at 965-66 (quoting Peterson v. Cont'l Cas. Co., 282 F.3d 112, 122 (2d. Cir. 2002) (upholding an award of attorney's fees incurred after remand to the plan administrator)); cf. Sullivan v. Hudson, 490 U.S. 877, 889-90 (1989) (permitting, under the fee-shifting provision of the Equal Access to Justice Act, an award of attorney's fees for work performed, on remand, at the administrative level); Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 560-61 (1986) (permitting, under the fee-shifting provision of the Clean Air Act, an award of attorney's fees for work performed, on remand, at the administrative level). Recovery of attorney's fees will not be permitted, however, in any case where the remand is occasioned by the ERISA claimant's failure to satisfy the statutory prerequisites before filing her claim in district court. See Rote, 611 F.3d at 965-66.

Although the award of attorney's fees in ERISA cases is discretionary, a claimant seeking fees must show, as a threshold matter, " 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." Hardt v. Reliance Std. Life Ins. Co., 560 U.S.242, 255, (2010) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)). "[T]rivial success on the merits or a purely procedural victory" does not satisfy this requirement. Hardt, 560 U.S.242, 255

4

(internal quotation omitted). The threshold requirement is satisfied, however, "if the court can fairly call the outcome of the litigation 'some success on the merits' without conducting a lengthy inquiry into the question of whether a particular party's success was substantial." Id. (internal quotation omitted).

Once the "some degree of success" threshold is met, a district court considers the following additional, but non-exclusive,[3] factors in exercising its discretion to award attorney's fees under ERISA's fee shifting provision. See Tr. of Drury Indust., Inc. Health Care Plan and Trust v. Goding, 692 F.3d 888, 898-99 (8th Cir. 2012) (citing Lawrence v. Westerhaus, 749 F.2d 494, 495-96 (8th Cir.1984)). These factors, often referred to as the Westerhaus factors, are: (1) the degree of culpability or bad faith that may be assigned to the opposing party, (2) the ability of the opposing party to pay, (3) the degree to which an award of fees may deter others in similar circumstances, (4) whether the nature of the moving party's claim is such that it either benefits all plan participants or beneficiaries or resolves a significant legal question regarding ERISA, and (5) the relative merits of the parties' positions. Goding, 692 F.3d at 898-99 (citing Westerhaus, 749 F.2d at 495-96). Although a district must consider these factors, it need not "regurgitate, by rote," each factor. First Nat. Bank & Trust Co. of Mountain Home v. Stonebridge Life Ins. Co., 619 F.3d 951, 956 (8th Cir. 2010) (internal quotation omitted)).

Finally, the Eighth Circuit has consistently emphasized the importance of ERISA's remedial nature in determining whether to award fees, urging that "[a] district court considering a motion for attorney's fees under ERISA should . . . apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts." Starr v. Metro Sys., Inc., 461 F.3d 1036, 1040 (8th Cir. 2006) (quoting Welsh v.

---

[3] "[T]hese 'five factors . . .' are by no means exclusive or to be mechanically applied." Martin v. Ark. Blue Cross & Blue Shield, 299 F.3d 966, 972 (8th Cir. 2002) (en banc).

Burlington N., Inc., Emp. Benefits Plan, 54 F.3d 1331, 1342 (8th Cir.1995) (citations, internal quotations, ellipses, and brackets omitted)). In light of these purposes, the Eighth Circuit has observed that "although there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees." Starr, 461 F.3d at 1040-41; see also Martin, 299 F.3d at 972. (en banc).

**Arguments of the parties**

Noting that the remand here was not occasioned by a failure to exhaust administrative remedies, and that the Court retained jurisdiction over the case on remand, Plaintiff asserts that the fee-shifting statute should apply to all of the attorney's fees and costs she incurred on remand. Asserting next that she achieved success on the merits of her ERISA claim, Plaintiff asks the Court to enter judgment in her favor and award her attorney's fees and costs. In the alternative, Plaintiff contends that she is entitled to recover her attorney's fees under Mo. Rev. Stat. § 375.420, Missouri's vexatious-refusal-to-pay statute. Finally, Plaintiff seeks to recover prejudgment interest under Mo. Rev. Stat. § 408.020, on the benefits awarded to her on remand.

Defendant contends Plaintiff's claims were entirely resolved at the administrative level, and therefore, the fee-shifting provision is inapplicable here. In the alternative, Defendant argues that even if the fees-shifting provision is deemed to apply here, Plaintiff is not entitled to an award of additional attorney's fees or costs because (1) she did not achieve success on the merits of her litigation; or (2) to the extent that she achieved such success, Defendant has already agreed to pay the fees attributable to that success. Defendant further asserts that, in light of ERISA's pre-emptive effect, Missouri law, specifically Mo. Rev. Stat. § 375.420, does not provide a basis for Plaintiff to recover fees. Defendant also contends that Plaintiff's requests for entry of judgment and by extension, for prejudgment interest, should be denied. Defendant argues in this regard, that the

Plan Administrator's approval of Plaintiff's claims for "regular occupation" and "ongoing" LTD benefits, entirely resolved the parties' issues; and therefore that instead of entering judgment, the Court should dismiss the lawsuit as moot.

Plaintiff seeks $14,860.00 in attorney's fees and $300.00 in costs. Although Defendant objects to an award of fees and costs, it has not argued that the dollar amounts requested are unreasonable, therefore, if the Court determines that such an award is appropriate, it will not inquire into the reasonableness of the amounts requested.

**Discussion**

*The ERISA Fee-Shifting Provision is Applicable to Plaintiff's Request for Attorney's Fees and Costs.*

Upon review of the applicable law, the Court concludes that in this case the ERISA fee-shifting statute applies to the fees and costs Plaintiff incurred on remand.[4] Defendant makes much of the fact that it "voluntarily remanded" the claim to the Plan Administrator and that the Court has made no substantive ruling in favor of Plaintiff on the merits of her complaint. As discussed above, the pertinent considerations are that the Court ordered the remand, that it was not occasioned by Plaintiff's failure to satisfy the prerequisites under ERISA for filing suit, and that the court retained jurisdiction over the action on remand. See Rote, 611 F.3d at 965-66. These conditions are met here. It is not the Court's intent to penalize Defendant for having taken the appropriate action and voluntarily remanding Plaintiff's claim for reconsideration. Nevertheless, Plaintiff is entitled to recover her attorney's fees and costs under § 1132(g). Id.

---

[4] The fee-shifting statute and the case law interpreting it treat the recovery of attorney's fees and costs in the same manner. See 29 U.S.C. § 1132(g)(1) (referring to the recovery of fees and costs); Pendleton, 567 F.3d at 994. Thus, if an award of attorney's fees is justified an award of the accompanying costs also will be appropriate.

*Plaintiff Has Achieved Some Degree of Success on the Merits of Her Litigation*

Turning next to the question of whether Plaintiff achieved "some degrees of success" on the merits of her litigation, the Court concludes she has done so. See Hardt, 560 U.S. at 247-48, 255 (finding that a plaintiff achieved success on the merits of her claim where benefits were awarded after a remand because the plan administrator's failed to consider all of the plaintiff's conditions and based its decision on an incomplete physician review). Here, Plaintiff not only secured the continuation of "regular occupation" LTD benefits for the full twenty-four month term, but also succeeded in obtaining "ongoing" benefits. Nevertheless, relying on Hardt, 560 U.S. at 255, Defendant argues that Plaintiff's is not entitled to a fee award because her successes occurred at the administrative level and did not result from the instant suit.

In this regard, Defendant's reliance on Hardt is misplaced. In Hardt, as here, the district court did not reach the merits of the plaintiff's claim, but instead remanded the case for further administrative proceedings to afford plaintiff "the kind of review to which she was entitled under applicable law." Id. at 248 (internal quotations omitted). Thereafter, the plan awarded benefits to the plaintiff, and the district court granted her request for attorney's fees on the basis of that success. Defendant appealed the order awarding attorney's fees on the ground that "a court order remanding an ERISA claim for further consideration can never constitute 'some success on the merits,' even if such a remand results in an award of benefits." Id. The Supreme Court disagreed, observing that after the plan conducted the court-ordered review, the plan reversed its decision and awarded the benefits sought. Id. at 256. The Supreme Court concluded that the district court properly exercised its discretion to award fees, because "[t]hese facts establish that [the plaintiff] has achieved far more than 'trivial success on the merits' or a 'purely procedural victory.'" Id.

The only differences between the instant case and Hardt are the deficiencies that formed

8

the basis for the remand and the fact that the district court in <u>Hardt</u> concurrently granted the plaintiff's motion for summary judgment and remanded for further review. Defendant has not demonstrated and the Court finds no reason to conclude that these distinctions justify a departure from the Supreme Court's reasoning in <u>Hardt</u>.

Moreover, the Court cannot say what role the suit played in causing Defendant to realize that it had failed to give full consideration to the materials Plaintiff initially submitted in support of her claim. There is, however, no question that the suit preceded Defendant's admission of that error, and no indication on the record that either the Plan Administrator or Defendant would have recognized that oversight but for the lawsuit. Therefore, the lawsuit was integral to Plaintiff's success in obtaining her "regular occupation" LTD benefits. In fact, Defendant implicitly admitted this fact by agreeing to pay the attorney's fees Plaintiff incurred to obtain these benefits. Moreover, Defendant's attempt to separate Plaintiff's success with respect to the "ongoing benefits" award from the effect of the lawsuit ignores the fact that, but for the suit, the question of Plaintiff's eligibility for the "ongoing benefits" would not have been reached.

The Court also rejects Defendant's assertion that the Eighth Circuit's holding in <u>Interstate Bakeries Corp.</u>, 704 F.3d 528, 538 (8th Cir. 2013), supports its position. Defendant contends that <u>Interstate Bakeries Corp</u>. stands for the proposition that where an employer admits error and voluntarily provides benefits, courts should not find that the claimant achieved "some degree of success on the merits." <u>Interstate Bakeries Corp</u>. is distinguishable, however, from the present case. Although the Eighth Circuit refused to find "some degree of success on the merits," in <u>Interstate Bakeries Corp</u>. the court's reason for doing so was not the employer's "voluntary" provision of benefits in response to the lawsuit, but rather, the fact that the lawsuit concerned issues other than benefit eligibility and the claimant failed to prevail on any of those issues. <u>Id</u>.

9

(observing that "with regard to the issues *actually in dispute* in the subsequent adversary proceeding, [the claimant] failed to prevail on a single issue") (emphasis supplied). Here, unlike Interstate Bakeries Corp., the issues disputed at the administrative level and in the lawsuit were identical. Moreover, these are the very issues on which Plaintiff achieved success. Therefore, Defendant's argument that the Court's ruling here should be determined by the outcome in Interstate Bakeries Corp. fails.

*The Westerhaus Factors Support an Award of Attorney's Fees and Costs*

Turning to a consideration of the *Westerhaus* factors, the Court notes, with respect to the issue of culpability, that there is no indication on the record that Defendant acted in bad faith. See Goding, 692 F.3d at 898-99 (citing Westerhaus, 749 F.2d at 495-96). In fact, Defendant admitted its failure to consider certain evidence at the administrative level, did not oppose remand, and agreed to pay Plaintiff the attorney's fees she incurred in obtaining her "regular occupation" LTD benefits. At most, the record supports a finding that Defendant inadvertently overlooked and failed to consider some of the information Plaintiff submitted in support of her claim. Nonetheless, the fact that Defendant twice improperly denied Plaintiff's claim before granting her LTD benefits weighs in her favor here.

With respect to the second consideration, neither party suggests that there is any basis to doubt Defendant's ability to pay fees if they are awarded. The Court notes, however, that a defendant's ability to pay an award does not, by itself, warrant an award. See Fletcher-Merrit v. NorAm Energy Corp., 250 F.3d 1174, 1181 (8th Cir.2001) (stating an ability to pay does not justify an award of attorney fees where other factors weigh against an award). Therefore, although this factor weighs in favor of Plaintiff it does not carry significant weight.

With respect to the effect of Plaintiff's suit, the Court finds that an award of fees might

10

encourage other plan administrators to exercise greater care in tracking and cataloguing materials submitted by claimants. There is no indication here, however, that Defendant had a pattern of disregarding submitted materials or was particularly careless in this regard. And the fact that Defendant's failure in this case was neither in bad faith nor willful, mitigates the weight to be assigned to this factor. Nonetheless, the Court finds that the suit is likely to have some deterrent effect on careless recordkeeping practices and that this weighs in Plaintiff's favor.

Fourth, to the extent that the suit encourages more careful and thorough administrative review, other Plan participants may benefit as a result of the suit and this factor also weighs in favor of Plaintiff. The Court in no way suggests, however, that the suit has resolved a significant legal question regarding ERISA. Finally, with respect to the fifth factor, the relative merits of the parties' positions, Plaintiff's successful receipt of LTD benefits clearly confirms the merits of her position.

Thus, when taken together, the Westerhaus factors persuade the Court that an award of attorney's fees and costs is appropriate here.

*Plaintiff is Not Entitled to Recover Fees Under Missouri Law*

In light of its determination above, the Court need not reach the question of whether Plaintiff is entitled to attorney's fees under Missouri law. The Eight Circuit has long held "that a state vexatious refusal to pay claim is preempted by ERISA where it relates to an employee benefit plan." In re Life Ins. Co. of N. America., 857 F.2d 1190, 1194 (8th Cir. 1988). Moreover, the plain language of Mo. Rev. Stat § 375.420 provides that a cause of action for vexatious refusal to pay exists only against an insurance company." Dearman v. Dial Corp., 2010 WL 254929, at *6 (E.D. Mo. Jan. 19, 2010); Mo. Rev. Stat. § 375.420. And under Missouri law, the definition of

"insurance company does not include a self-funded disability plan such as Defendant.[5] See R. S. Mo. § 375.012(5); *Dearman*, 2010 WL 254929, at *6.

*Plaintiff is Entitled to the Entry of Judgment in her Favor*

Defendant correctly states the Plan Administrator's approval of Plaintiff's claims for LTD benefits resolved the issues raised by this lawsuit. However, given the Court's continuing jurisdiction over this matter during the pendency of those proceedings, the entry of a judgment rather than a dismissal is the appropriate procedural resolution of these proceedings. The issues between the parties having been fully resolved in Plaintiff's favor, the Court will enter a judgment herein on her behalf.

**Prejudgment Interest**

Finally, noting that her LTD benefits for the period beginning December 8, 2012 were not paid until September 4, 2014, Plaintiff moves for prejudgment interest on those benefits.

In federal court, an award of prejudgment interest is discretionary and intended to compensate Plaintiff for loss of interest from those funds.[6] See Hoover v. Provident Life and Acc. Ins. Co., 290 F.3d 801, 810 (6th Cir.2002); cf. Nichols v. Unicare Life and Health Ins. Co., 739 F.3d 1176, 1184 (8th Cir. 2014). When prejudgment interest is granted, courts typically apply the interest rate set forth in 28 U.S.C. § 1961(b). Nichols, 739 F.3d at 1184.

The Court finds it appropriate to award prejudgment interest here since Plaintiff was without the use of entitled benefits for almost two years. Therefore, the Court concludes that

---

[5] In her motion, Plaintiff rather obliquely questions whether the Plan in fact qualifies as a self-funded disability plan for purposes of ERISA. This reference is, without more, insufficient to raise that issue, particularly at this stage of the litigation. *See* (ECF No. 65, at p. 4 n.3)

[6] Plaintiff's request for prejudgment interest pursuant to Mo. Rev. Stat. § 408.020 fails. She offers no authority to support the notion that a state procedural rule, like that governing the award of prejudgment interest, applies in an action in federal court for benefits pursuant to a federal statute.

Plaintiff is entitled to an award of prejudgment interest at the rate specified in 28 U.S.C. § 1961(b). See, e.g., Nichols, 739 F.3d at 1184 (affirming an award of prejudgment interest on an ERISA claim); Roubal v. Prudential Ins. Co. of America, 2011 WL 1303378 at * 1 (W.D. Ky. April. 6, 2011) (awarding "prejudgment interest for the past due benefits obtained on remand").

**Conclusion**

For the foregoing reasons, the Court will enter judgment in this matter and grant Plaintiff the attorney's fees and costs she requests, together with prejudgment interest for the period from December 8, 2012, through September 4, 2014, at the rate specified under 28 U.S.C. § 1961(b).

Accordingly,

**IT IS HEREBY ORDERED t**hat Plaintiff's motion for entry of judgment, attorney's fees, costs, and prejudgment interest [65] is **GRANTED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 5th day of October, 2015.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE